10-3138-cv
Tuccio Dev. Inc. v. Miller

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.**

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TUCCIO DEVELOPMENT, INC., DTGUERRA LLC, TUCCIO 7
LLC, and TUCCIO CUSTOM HOMES, LLC,

> *Plaintiffs-Appellants,*

v.                                                                  No. 10-3138-cv

LAWRENCE MILLER, JAMES VULCANO, KATHERINE DANIEL,
RONALD F. KLIMAS, TOWN OF BROOKFIELD, and BROOKFIELD
INLAND WETLANDS COMMISSION,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR PLAINTIFFS-APPELLANTS:**          JOHN R. WILLIAMS, New Haven, CT.

1

**FOR DEFENDANTS-APPELLEES:**    JOHN F. CONWAY, Loughlin Fitzgerald, P.C., Wallingford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravtiz, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants ("plaintiffs"), a group of real estate development companies, appeal from a July 14, 2010 order of the District Court granting summary judgment in favor of defendants-appellees ("defendants"), various officials and municipal bodies of the Town of Brookfield, in three cases consolidated before the District Court. All three cases involved claims regarding defendants' conduct in overseeing and regulating the construction of a residential subdivision known as Whispering Glen.

Plaintiffs appeal the District Court's judgment only with respect to the second of the three actions, and, more specifically, only with respect to their claim that defendants denied them permits and subjected them to onerous development requirements in retaliation for their assertion of their First Amendment rights (namely, plaintiffs' filing of the first of their three legal actions). We assume the parties' familiarity with the remaining facts and procedural history of the case.

We review a district court's order granting summary judgment *de novo*, construing the evidence in the light most favorable to the plaintiff and drawing all inferences in the plaintiff's favor. *See, e.g.*, *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, 628 F.3d 46, 51 (2d Cir. 2010).

Here, the District Court determined that, although the alleged retaliation occurred approximately two months after plaintiffs' protected speech—thus demonstrating a temporal link between the protected activity and the alleged adverse action—plaintiffs offered no other evidence to support their argument that the permit denials and other development requirements were the result of a retaliatory motive, nor did they introduce evidence tending to show that defendants would not have taken those actions absent plaintiffs' speech. *See Cotarelo v. Village of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006) (explaining that in order to survive a motion for summary judgment on a First Amendment retaliation claim, the plaintiff must present evidence that shows "that there was a causal connection between the protected speech and the adverse employment action"). Rather, the evidence before the Court reflected that defendants had acted in response to plaintiffs' violations of various wetlands regulations and other land development regulations. Accordingly, the District Court concluded that no reasonable jury could find in plaintiffs' favor and that defendants were therefore entitled to judgment as a matter of law.

After an independent review of the record, we agree with the District Court's careful and well-reasoned analysis. Defendants offered reasonable, well-supported explanations for the land restrictions and penalties they imposed upon plaintiffs. Plaintiffs, on the other hand, offered nothing but unsubstantiated speculations regarding defendants' motives. In sum, plaintiffs simply failed to raise a genuine issue of material fact for decision by a trier of fact.

## CONCLUSION

We have considered all of plaintiffs' arguments and find them to be without merit. We **AFFIRM** the judgment of the District Court substantially for the reasons stated in its Memorandum and Decision, *Tuccio Development, Inc. v. Town of Brookfield*, No. 08-cv-1610, 2010 WL 2794192 (D. Ct. July 14, 2010).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court